IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN SMITH,<br>    Plaintiff | No. 1:25cv73 |
| | (Judge Munley) |
| v. | |
| | (Chief Magistrate Judge Bloom) |
| JORDAN LEONARD ESQ.,<br>    Defendant | |

*FILED SCRANTON JUL 21 2025 PER___ DJ DEPUTY CLERK*

## MEMORANDUM

Plaintiff John Smith is presently incarcerated at State Correctional Institution – Huntingdon ("SCI–Huntingdon") and proceeds in this matter *pro se*. This action is brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and concerns events stemming from plaintiff's representation by Defendant Jordan Leonard, Esq., an attorney appointed to represent Smith in Pennsylvania Post Conviction Relief Act ("PCRA") proceedings. (Doc. 1 at ECF p. 13).

Upon filing, Smith's complaint was referred to Chief Magistrate Judge Daryl F. Bloom for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and for the issuance of a report and recommendation ("R&R"). The R&R recommends that Smith's *pro se* complaint be dismissed without prejudice. (Doc. 8 at 8). Smith has filed objections to the R&R. (Doc. 12). These matters are thus ripe for disposition.

**Background**

Smith's complaint alleges that Defendant Leonard, his court-appointed PCRA counsel, has unnecessarily or unreasonably delayed proceedings. (Doc. 1 at ECF p. 13–14). He claims that this delay violates his constitutional rights. Id.

According to Smith, he filed his PCRA petition on October 9, 2019. Id. at ECF p. 26. The Lackawanna County Court of Common Pleas appointed Defendant Leonard to represent Smith for his PCRA petition on May 23, 2024. Id. at ECF p. 14; see also Doc. 1-2, J. Geroulo Ltr. 09/26/2024. Plaintiff alleges that he sent Defendant Leonard at least fifteen (15) letters between June 2024 and December 2024. (Doc. 1 at ECF p. 15). According to Smith, Leonard sent him correspondence in September 2024 and November 2024 indicating to the plaintiff that Leonard had only reviewed two issues relevant to the PCRA proceedings. Id. at ECF p. 16. Smith asserts a claim against the defendant for violation of his due process rights for contributing to the five-year delay in resolving his PCRA petition. Id. at ECF p. 26

After review of Smith's allegations, the R&R concluded that, for the purposes of Section 1983 liability, Leonard is not a state actor in his capacity as court-appointed PCRA counsel. (Doc. 8 at 5–7). Following the issuance of the R&R, Smith timely filed objections regarding this conclusion. (Doc. 12).

**Jurisdiction**

As the case is brought pursuant to Section 1983, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of Review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

If a plaintiff has not objected to certain portions of the R&R, then in deciding whether to adopt those portions, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept

the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan, 723 F.2d at 1085.

**Analysis**

As indicated above, Smith asserts a claim pursuant to Section 1983, alleging that his court-appointed PCRA counsel violated his due process rights by delaying resolution of his PCRA petition. Section 1983 provides a civil remedy against individuals who, under color of state law, deprive another of rights secured by the Constitution or federal law. Lugar v. Edmonson Oil Co., 457 U.S. 922, 924 (1982). To establish a claim under Section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state law. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998). Second, the conduct must deprive the plaintiff of rights secured under the Constitution or federal law. Id.

As for this first element, courts have consistently held that defense attorneys, whether privately retained, court-appointed, or public defenders, do not act under the color of state law when performing the traditional functions of counsel in a criminal proceeding. See Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Black v. Bayer, 672 F.2d 309, 314 (3d Cir. 1982), abrogated on

4

other grounds by D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1368 n. 7 (3d Cir. 1992) ("no color of state law attache[s] to the functions of court-appointed counsel"); Steward v. Meeker, 459 F.2d 669, 670 (3d Cir. 1972) (per curiam) (finding privately retained defense counsel are not a state actors); see also Sherard v. Berks Cnty., 576 F. App'x 66, 70 (3d Cir. 2014) (applying these decisions to PCRA counsel).

As indicated above, a public defender, appointed and compensated by the state, does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk Cnty. 454 U.S. at 325. In Polk County, the Supreme Court held that the defense attorney's obligation is to the client, not the state, and that the attorney's actions in that capacity are not attributable to the state for purposes of Section 1983. Id. at 321.

Here, when liberally construed, Smith's complaint alleges dissatisfaction with defendant's responsiveness to his letters and expresses concerns with only having two of the PCRA issues addressed by counsel over a six-month period. Although Smith asserts these deficiencies are violative of his due process rights, his allegations regarding Defendant Leonard's conduct fall within a lawyer's traditional functions. His complaint is thus subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

Smith's objections to the R&R argue that his case is the exception. (Doc. 12 at ECF p. 2). Based on his allegations, the court disagrees.

Although defense attorneys are generally not state actors under Section 1983, Polk County acknowledged a narrow exception: a public defender may act under color of state law when performing administrative or investigative functions unrelated to courtroom advocacy. 454 U.S. at 325. However, that exception applies only where the attorney's conduct can be fairly characterized as acting on behalf of the state or exercising power derived from state authority in a non-advocative capacity. Id. (citing Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976)). The determinative factor is not whether the attorney was appointed or funded by the state, but whether counsel was exercising independent professional judgment in the course of representation. Id. at 324–25.

Although Smith asserts that his appointed counsel's status as a state-paid defense counsel transforms him into a state actor, this theory of liability is foreclosed by controlling precedent. For example, plaintiff's complaint does not plausibly suggest his attorney acted jointly with state officials. Smith also does not plausibly allege that his appointed counsel engaged in conduct falling outside the scope of his traditional defense role. Rather, Smith's allegations focus on his defense counsel's decisions and performance, or lack thereof, during the

representation, precisely the kind of advocacy functions that Polk County held are not attributable to the state. 454 U.S. at 322.

Smith's objections to the R&R raise other issues worth noting here. Like his complaint, Smith cites to Heiser v. Ryan, 15 F.3d 299 (3d Cir. 1994)("Heiser II") and Hassine v. Zimmerman, 160 F.3d 941 (3d Cir. 1998) to support his argument that Leonard acted under color of state law. However, a closer examination of both cases shows this this reliance is misplaced, a conclusion similarly reached by Chief Magistrate Judge Bloom. (Doc. 8 at 6). Neither decision supports the extension of Section 1983 liability to court-appointed defense counsel based solely on alleged deficiencies in legal representation. Both cases involved habeas corpus petitions under 28 U.S.C. § 2254, a materially different legal context than the present.

In Heiser II, the Third Circuit addressed whether an extraordinary delay in the Pennsylvania state courts' handling of post-conviction motions violated the petitioner's constitutional right to due process. 15 F.3d at 300–02. In that case, the petitioner waited years for the state courts to take action before filing a habeas corpus petition pursuant to 28 U.S.C. § 2254. Id.

As indicated above, Smith's objection attempts to analogize Heiser II to his case. He takes an isolated quote from Heiser II advising the habeas petitioner that relief from a due process violation caused by undue delay in state court

would be more appropriate via a suit for damages under Section 1983 rather than via a writ of habeas corpus. Id. at 307 (citation omitted). Smith asserts that this statement in Heiser II supports his claim. (Doc. 12 ¶ 15). But Heiser II does not hold that a Section 1983 claim against a defense attorney is viable under these circumstances. Instead, the court was merely distinguishing the form of relief available in Section 1983 actions for the delay experienced by the habeas petitioner without addressing the merits or viability of that Section 1983 action. Id. Additionally, Heiser II did not examine whether defense counsel acted under the color of state law. Id. Therefore, Smith's reliance on Heiser II is unpersuasive, and his Section 1983 claim falls short where it is alleged that the defendant is a court-appointed attorney performing traditional legal functions. See Polk Cnty., 454 U.S. at 325.

The Third Circuit referred to Heiser II in Hassine, 160 F.3d at 954, another case cited by Smith in his objections to the R&R. Like with Heiser II, Smith refers to an isolated quote from that case in his objections. (Doc. 12 at ECF p. 8–9). He points to language in Hassine, which notes that a petitioner suffering excessive delay in state post-conviction proceedings might seek damages "against counsel responsible for the delay." 160 F.3d at 955. But this reference in Hassine does not address whether court-appointed counsel acts under color of state law when proceedings are delayed.

8

Smith's other objection concerns a footnote in the R&R, which references the court's ability to abstain from considering the merits of Smith's claims while his PCRA petition proceeds in state court. (Doc. 8 at 7–8, n. 2 (citing Younger v. Harris, 401 U.S. 37 (1971)). Smith objects to this reference to Younger. (Doc. 12 at ECF p. 10-11). The reference to Younger has no bearing on Chief Magistrate Judge Bloom's ultimate recommendation. This objection will thus be overruled. Even if actually relied upon in the R&R, Younger would counsel against federal court intervention in state post-conviction proceedings, and not justify parallel litigation in state and federal court. 401 U.S. at 54.

All of the above discussion aside, the R&R recommends dismissing the complaint without prejudice. The R&R concludes that, although Smith's pleading fails to state a claim upon which relief can be granted, the identified deficiencies may be curable through amendment. (Doc. 8 at 8). Providing Smith with leave to amend is a reasonable recommendation. That recommendation will be adopted with some caveats based on the plaintiff's subsequent filings.

Specifically, Smith has alleged in a recent request for extension of time that he was taken without notice from SCI-Huntington to a county prison on a PCRA matter and returned to the state facility approximately thirty (30) days later. (Doc. 13 ¶ 4). Smith alleged that he was unable to access his legal paperwork during that period. Id. Understanding that Smith may need additional time, the court will

9

provide the plaintiff with thirty (30) days to file an amended complaint in this matter. The plaintiff is advised, however, that the failure to file an amended complaint within this timeframe may result in dismissal of this action for failure to comply with a court order and failure to prosecute this case.

**Conclusion**

For the reasons set forth above, Smith's objections to the R&R will be overruled. The R&R will be adopted. Smith's complaint will be dismissed without prejudice subject to the filing of an amended complaint. The amended complaint will be due within thirty (30) days. An appropriate order follows.

Date: 7/21/25

JUDGE JULIA K. MUNLEY
United States District Court