IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN SMITH,<br>        Plaintiff<br><br>    v.<br><br>JORDAN LEONARD ESQ.,<br>        Defendant | : No. 1:25cv73<br>:<br>: (Judge Munley)<br>:<br>: (Chief Magistrate Judge Bloom)<br>:<br>:<br>: |

## MEMORANDUM ORDER

On July 21, 2025, the court adopted a report and recommendation ("R&R") from Chief Magistrate Judge Daryl F. Bloom, which recommended dismissing Plaintiff John Smith's *pro se* civil rights action pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).[1] (Doc. 15). The R&R recommended that Smith's *pro se* complaint be dismissed without prejudice, so that he could file an amended complaint addressing the deficiencies detailed in the R&R. (Doc. 8, at 8). The R&R further recommended providing Smith with twenty (20) days to do so. (Id.) The court adopted that recommendation with a caveat based on Smith's allegations in a subsequent filing. (Doc. 15). Specifically, Smith alleged in a request for extension of time that he was transferred without notice from SCI-

---

[1] Plaintiff John Smith is presently incarcerated at State Correctional Institution – Huntingdon ("SCI– Huntingdon") in Huntingdon, Pennsylvania and proceeds in this matter *pro se*. This action is brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and concerns events stemming from plaintiff's representation by Defendant Jordan Leonard, Esq., an attorney appointed to represent Smith in Pennsylvania Post Conviction Relief Act ("PCRA") proceedings. (Doc. 1, at ECF p. 13).

Huntingdon to a county prison on a PCRA matter and returned to the state facility approximately thirty (30) days later. (Doc. 13, ¶ 4).  Smith further alleged that he was unable to access his legal paperwork during that period. (Id.)  Understanding that Smith needed additional time, the court provided him with thirty (30) days to file an amended complaint in this matter. (Doc. 15).  The court further advised Smith that failure to file an amended pleading within the required period would result in dismissal of the action. (Id.)  To date, Smith has not filed an amended complaint nor requested an extension of time.

If a plaintiff fails to prosecute a case or comply with court orders, district court judges are empowered to dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) and its own inherent authority to manage the docket for the orderly and expeditious disposition of cases. See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31(1962)).  Decisions regarding dismissal of actions on these grounds rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).  Such discretion is regulated by the required balancing of several factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the

party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

First, courts "should gauge a party's knowledge before dismissing the case[.]" United States v. Brace, 1 F.4th 137, 144 (3d Cir. 2021). Smith proceeds *pro se* in this case. He is personally responsible for not filing an amended complaint as ordered. This factor weighs in favor of dismissal.

Regarding the second Poulis factor, there is limited prejudice to defendant since this matter failed screening pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 8). This factor weighs against dismissal. But "there is no magic formula or mechanical calculation with regard to the Poulis analysis. In fact, no single Poulis factor is dispositive, and... not all of the Poulis factors need be satisfied in order to dismiss a complaint." In re Asbestos Prods. Liab. Litig. (No. VI), 718 F.3d 236, 246 (3d Cir. 2013) (citations, quotation marks, and brackets omitted).

The third Poulis factor considers a history of dilatoriness, and the fourth Poulis factor considers whether plaintiff's conduct was willful or in bad faith. Here, despite being advised that he needed to plead additional facts to state a claim against the defendant within thirty (30) days of the court's order adopting the R&R, Smith failed to file an amended complaint by the court-imposed

3

deadline. This action cannot move forward on the allegations provided to date. By disobeying the court's order, Smith has stopped this case in its tracks. Such conduct reflects dilatoriness and willfulness and supports dismissal of this action.

As for the availability of alternative sanctions, the fifth Poulis factor, plaintiff is *pro se* and proceeds *in forma pauperis*. Fines or other monetary sanctions would not be effective in this case. The only sanction available to the court is dismissal.

Meritoriousness is the sixth and final Poulis consideration, and it is of paramount importance. See Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013). "A claim…will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff[.]" Poulis, 747 F.2d at 869–70. Here, in providing plaintiff with leave to amend, the court believed that plaintiff could potentially state a plausible claim against the defendant. As detailed above, however, rather than attempt to move this case forward for consideration on its merits, plaintiff has taken a different approach. He appears willing to stand on the allegations of his original complaint. Those allegations fall short of stating a meritorious claim as detailed by Chief Magistrate Judge Bloom in the R&R. Because plaintiff has refused to allege facts to demonstrate that his case has merit, dismissal of this action with prejudice is the appropriate sanction.

Accordingly, considering the above factors, it is hereby **ORDERED** that:

1) Plaintiff's complaint, (Doc. 1), is **DISMISSED** with prejudice for failure to file an amended complaint as previously ordered; and

2) The Clerk of Court is directed to close this case.

BY THE COURT:

Date: 8/21/25

JUDGE JULIA K. MUNLEY
United States District Court